VAN WINKLE v. ALLING, ET AL. EXRS., &c.

In Debt.    Motion to quash proceedings.

The rules of practice of the court of King's Bench, recognized here at the time of our revolution, are in force and regulate the practice of this court, except so far as they have been superseded by acts of Assembly, or by new and positive rules of this court, and excepting also, such rules of the King's Bench, as are rendered useless by the organization of this court, or are incompatible with the nature and genius of our judicial institutions.

In order to fix the bail on a recognizance, the sheriff may be instructed to return a *ca. sa. non est inventus*, although he might have served it on the defendant; unless he be in his custody, in which case, he cannot make such return.

The sheriff is not bound to arrest the defendant upon a *ca. sa.* lodged with him for fixing the bail, even if he can arrest him, as well as not.

A suit on recognizance of bail, may be instituted in a court other than that in which the recognizance was taken.

In such suit, the process must be to answer to a plea of debt " upon recognizance," otherwise the defendant will not be bound to accept a declaration upon a recognizance of bail, and in order to apprize them of their situation, and protect them from surprise.

Courts as well in England as in this country have gone further to protect and re-lieve bail, than they formerly did.

THE CASE. The testator of the defendants, had been special bail for one Michael M'Lear, who had been sued by the plaintiff in the Common Pleas of Essex, and against whom, judgment had been obtained, in that action, in June, 1838. Shortly previous to the October Term, 1839, of the Essex Common pleas, and after the death of the testator, the plaintiff's attorney put into the hands of the Sheriff of Essex county, a *ca. sa.* upon that judgment against M'Lear, with instructions to return it, *non est.* The *ca. sa.* having been so returned by the Sheriff, the plaintiff sued out a summons in debt, returnable to this court in the term of November last, against the defendants, to answer the plaintiff " of a plea that they render unto him, four hundred dollars, which from him they unjustly detained, &c." The defendants, being executors, and ignorant of the cause of action, applied to the plaintiff's attorney soon after they had been served with the summons, to know what it was, for which they were sued ; saying they did not wish to pay costs, and would settle the claim at once, if it was a just one : but the plaintiff's attorney. declined to inform them ; saying, that when they saw the declaration in the cause, they would know what they were sued for, and would see that he was right in the course he had pursued. After the November Term of this court, and consequently too late for the defendants to make a surrender, the plaintiff filed a declaration upon the recognizance of bail so as aforesaid entered into by their testator for M'Lear, and which, as appears by their affidavits, was the first knowledge they had of the cause of action, or of the fact that their testator had been bail for M'Lear. Upon this state of facts, supported by affidavits,

*Asa Whitehead* and *A. Armstrong* for the defendants, moved to quash the summons, for irregularity : or that the defendants have time to surrender the principal, in discharge of the estate of their testator.

They contended : First, That the summons ought to have been to render unto the plaintiff, so much of debt, " on recognizance of bail." Second, That the plaintiff, by instructing the Sheriff to return the *ca. sa. non est*, when, as appeared by affidavit, the de-

fendant was within his bailiwick, and might have been arrested, had waived his right to proceed against the executors of the bail : and Third, That this action ought to have been brought in the Common Pleas, in which the bail was given.

*M. Ryerson, and I. H. Williamson,* contra.

The opinion of the Court was delivered by

HORNBLOWER, C. J. First, as to the objection, that the plaintiff's attorney instructed the sheriff not to serve the *ca. sa.* but to return it "*non est,*" we are of opinion it cannot prevail. How far it may be proper for the legislature to interfere, or for the court, by a prospective rule to require that a *ca. sa.* shall be prosecuted in good faith, and the defendant, if possible, arrested, before any proceedings shall be instituted against the bail, is not now the question. We must decide this case, upon the law and the rules of practice as they now exist. It has more than once, recently, been decided, that the rules of practice of the court of King's Bench, recognized here, at the time of our revolution, are in force, and regulate the practice of this court, except so far as they have been superseded by Acts of Assembly ; or by new and positive rules of this court; and excepting also, such rules of the King's Bench, as are rendered useless, by the organization of this court, or are incompatible with the nature and genius of our judicial institutions. Accordingly, we find that in 1791, in *Armstrong* v. *Davis, Coxe R.* 110, it was held by this court, that the rules of proceedings against bail, in Westminster Hall, were in force here ; and that case and what was there said by the court, was expressly recognized and approved of by Chief Justice Ewing, who delivered the opinion of the court, in *Boggs* v. *Chichester,* 1 *Green's R.* 209. In England, as appears by the case of *Hunt* v. *Coxe,* 3 *Burr.* 1360, decided in 1762, the *ca. sa.* against the principal, was considered little more than matter of form ; that leaving it in the sheriff's office for four days, was notice to the bail, that the plaintiff intended to proceed against the person of the defendant, and it was held to be incumbent on the bail to search, whether any *ca. sa.* was left in the office. Nor would the court, enter into an examination, by affidavit whether

the *ca. sa.* had been actually returned ; and if the want of such return was pleaded, the plaintiff might file it, at any time before he put in a replication to such plea, see *S. C.* in 1 *Bl. R.* 393. It is true, if the defendant is in the sheriff's custody, either on civil or criminal process, he cannot return *non est inventus,* so as to make bail liable. *Forsyth* v. *Marriott,* 4 *Bos. & Pul.* 251 ; *Burkes* v. *Maine,* 16 *East.* 2 ; but the sheriff is not bound to arrest the defendant upon a *ca. sa.* lodged with him for fixing the bail, even if he knows where the defendant is, and can arrest him as well as not, *Petersd. on bail,* 359 ; 2 *Tidd's Pr.* 993.

Secondly, It was objected that this action ought to have been brought in the same court in which the recognizance was taken. But there is nothing in this objection. The cases cited from the New York reports, do not sustain the position insisted on by counsel. *Davis* v. *Gellett,* 7 *Johns'. R.* 318, was debt on a recognizance of bail which had been taken in the Common Pleas, and yet the suit was sustained in the Supreme Court. *Haswell* v. *Bates,* 9 *Johns'. R.* 80, was on a bail bond given in the Common Pleas, nevertheless the Supreme Court sustained the action, saying they would give the same relief to the bail, as they would be entitled to, in the court below. *Gardner* v. *Burham,* 12 *Johns'. R.* 459, is to the same effect. It is true, that in *Burtus* v. *Mc-Carty,* 13 *Johns'. R.* 424, the court say, that a suit on a recognizance of bail, must be brought in the county where the original action was commenced, and they set aside the proceedings on that ground. But it would seem from what was said by the court in the four cases above referred to, and especially in that of *Davis* v. *Gillett,* that the practice in New York is in some measure controlled by a statute of that state. Upon general principles, I do not see any objection to bringing an action in one court, upon a recognizance of bail given in another court. The reason given in the books of practice, why an action on a *bail bond,* must be brought in the same court in which it was given, is, the equitable power which courts exercise over actions brought on those bonds, by giving summary relief under the statute. But this reason, even if a good one, does not apply to the case of an action on a recognizance of bail. *Hughes* v. *Hughes, Penn. R. Harr. ed.* 432.

The Third objection however, is fatal ; and this case shows the wisdom and justice of the rule of *Easter Ter.* 15 *Geo.* 2 ;

Van Winkle v. Alling et al. Exrs., &c.

1 *Tidds Pr.* 84; 2 *Id.* 995; 1 *Sell. Pr, ch.* 3, *sec.* 1, *E.* 3 *p.* 81, by which it is provided, that the process shall be, to answer to a plea of debt "upon recognizance;" or otherwise the defendant shall not be bound to accept of a declaration upon a recognizance of bail. This clause was directed to be inserted in the process against bail, when sued in an action of debt upon the recognizance, to apprize them of their situation, and to protect them from being taken by surprise. *Petersd. on Bail, ch.* 12, *sec.* 1, *page* 351, in 10th *Law Lib.* When bail are proceeded against by *sci. fa.* they are apprized by the very terms of the writ, of the nature of the claim against them; and by our statute, *Elm. Dig.* 433, *pl.* 125, 126, such writ must either be served on the defendant or advertised in a certain manner, before any judgment can be had thereon. The rule of *Easter T.* 15 *Geo.* 2, has never been repealed as abrogated by any act of our legislature, nor by any rule or practice of this court, and never ought to be, unless some other adequate provision shall be made to protect bail, and their executors and other representatives, from being fixed for a debt, by surprise, as these defendants would be, if this proceeding should be sustained. Courts, as well in England, as in this country, have gone further to protect and relieve bail, than they did formerly : as may be seen by reference to *Petersd. on Bail,* 363 and the cases there cited ; and among other American cases, to those of *Van Renselaer* v. *Hopkins,* 3 *Caines,* 136 ; *Boardman et al* v. *Fowler,* 1 *Johns'. Cas.* 413 ; and *Livingston* v. *Bartles,* 4 *Johns'. R.* 479. In my opinion, the defendants are not bound to plead to the declaration that has been filed against them on this writ, and the whole proceeding ought to be quashed and set aside.

All the judges concurred.

*Proceedings quashed.*